# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO RADES-SUAREZ,  :<br>   Petitioner    : <br>            : <br>  v.         : <br>            : <br>WARDEN CLAIR DOLL, : <br>   Respondent   : | No. 1:19-cv-1946<br><br>(Judge Kane) |

## MEMORANDUM

On November 12, 2019, pro se Petitioner Alfredo Rades-Suarez ("Petitioner"), who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") without a bond hearing. (Doc. No. 1.) Following an Order to show cause (Doc. No. 5), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. No. 7). Petitioner filed his traverse on December 26, 2019. (Doc. No. 8.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is a citizen and national of Cuba. (Doc. No. 7-1 at 3-4.) On April 23, 2019, Petitioner applied for admission to the United States at the Paso Del Norte port of entry in El Paso, Texas. (Id. at 4.) Petitioner claimed that he feared returning to Cuba and he was referred for an interview with an asylum officer. (Id.) On June 7, 2019, after an asylum officer found that Petitioner had demonstrated a credible fear of persecution or torture upon return to Cuba, ICE issued a Notice to Appear charging Petitioner as being removable pursuant to 8 U.S.C. § 1225(b) as an immigrant without proper entry documentation. (Id. at 6.) On August 28, 2019, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and

withholding of removal under the Convention Against Torture and ordered him removed to Cuba. (Id. at 8-18.) Petitioner's appeal to the Board of Immigration Appeals ("BIA") is currently pending. (Id. at 19-22.) On October 22, 2019, an immigration judge denied Petitioner's request for bond. (Id. at 24.) Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 12, 2019. (Doc. No. 1.)

## II.     LEGAL STANDARD

Under 8 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III.    DISCUSSION

8 U.S.C. § 1225(b) governs the detention of "aliens arriving in the United States" and mandates the detention of "arriving aliens" who, like Petitioner, did not possess valid entry or travel documents when they arrived. See Ahmed v. Lowe, No. 3:16-cv-2082, 2017 WL 2374078, at *2-3 (M.D. Pa. May 31, 2017). That section provides that arriving aliens must be inspected immediately upon arrival in the United States by an officer of the United States Customs and Border Protection. See 8 U.S.C. § 1225(b). If the officer determines that the alien is inadmissible because he or she cannot produce valid entry documents, "the officer shall order the alien removed from the United States without further hearing or review." See 8 C.F.R. § 1235.3(b)(1)(i), (b)(2)(ii). If, however, the alien "indicates an intention to apply for asylum . . . or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer."

See 8 U.S.C. § 1225(b)(1)(A)(ii); see also 8 C.F.R. § 235.3(b)(4). If the alien is determined to have demonstrated a credible fear, he or she will be placed in removal proceedings but remains detained under § 1225(b) during the pendency of those proceedings. See Pulatov v. Lowe, No. 1:18-cv-934, 2019 WL 2643076, at *2 (M.D. Pa. June 27, 2019). An alien subject to detention under § 1225(b) may only be released from custody "if the Attorney General determines 'on a case-by-case basis' that 'urgent humanitarian reasons or significant public benefit' warrant the alien's release." See id. (quoting 8 U.S.C. § 1182(d)(5)(A)). Such decisions are purely discretionary, and the regulations prevent immigration judges from "redetermin[ing] conditions of custody" with respect to certain classes of aliens, such as "[a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 215(d)(5) of the Act." See 8 C.F.R. § 1003.19(h)(2)(i)(B).

In the instant case, upon presentation for admission to the United States at the port of entry, Petitioner was immediately detained and classified as an "arriving alien." See 8 C.F.R. § 1001.1(q) ("The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry."). Because Petitioner was never admitted into the United States, he is an inadmissible arriving alien and his detention is, therefore, controlled by § 1225(b). There is, however, "no statutory entitlement to bond hearings under § 1225(b)." See Pulatov, 2019 WL 2643076, at *2. Recently, the Supreme Court reversed the United States Court of Appeals for the Ninth Circuit's conclusion that aliens detained pursuant to §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. See Jennings v. Rodriguez, 138 S. Ct. 830, 842 (2018). As the Jennings Court reasoned:

> § 1225(b) applies primarily to aliens seeking entry into the United States ("applicants for admission" in the language of the statute). Section 1225(b) divides these applicants into two categories. First, certain aliens claiming a credible fear of persecution under § 1225(b)(1) "shall be detained for further consideration of the application for asylum."

3

§ 1225(b)(1)(B)(ii). Second, aliens falling within the scope of § 1225(b)(2) "shall be detained for a [removal] proceeding." §1225(b)(2)(A).

Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," and § 1225(b0(2) aliens are in turn detained for "[removal] proceeding[s]." Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

Id. at 842. Accordingly, the Jennings Court concluded that both §§ 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months." See id. at 844.

As noted supra, Petitioner's appeal of the immigration judge's ruling is currently pending before the BIA. Petitioner is, therefore, subject to mandatory detention. See id. (noting that § 1225(b)(1) "mandates detention 'for further consideration of the application for asylum'" and that § 1225(b)(2) "requires detention 'for a [removal] proceeding'"). "The plain meaning of those phrases is that [Petitioner's] detention must continue until immigration officers have finished 'consider[ing] [his] application for asylum . . . or until removal proceedings have concluded." Pulatov, 2019 WL 2643076, at *3. Therefore, under Jennings, this Court is compelled to conclude that Petitioner is not statutorily entitled to a bond hearing pending those proceedings. See Jennings, 138 S. Ct. at 842.

As this Court has previously recognized, however, Jennings "did not reach the merits of the constitutional challenge before it." See Destine v. Doll, No. 3:17-cv-1340, 2018 WL 3584695, at *2 (M.D. Pa. July 26, 2018). Thus, after Jennings, this Court "ha[s] considered whether arriving aliens detained under § 1225(b) have a due process right to avoid unreasonably prolonged detention." See Pierre v. Doll, 350 F. Supp. 3d 327, 332 (M.D. Pa. 2018); see also

4

Singh v. Sabol, No. 1:16-cv-2246, 2017 WL 1659029, at *4 (M.D. Pa. Apr. 6, 2017) (concluding that "arriving aliens detained pre-removal pursuant to §1225(b) have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable"), report and recommendation adopted, 2017 WL 1541847 (M.D. Pa. Apr. 28, 2017). The question here, therefore, is whether Petitioner's continued detention has "become so unduly prolonged that it renders § 1225(b) unconstitutional as applied to him?" See Otis V. v. Green, No. 18-742 (JLL), 2018 WL 3302997, at *7 (D.N.J. July 5, 2018). To make that determination, the District of New Jersey provided the following guidance:

> Although the Third Circuit's ultimate rulings in Diop[v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011)] and Chavez-Alvarez[v. Warden York Cty. Prison, 783 F.3d 469 (3d Cir. 2015)] have been abrogated by Jennings, and those two cases are no longer binding upon this Court, it does not follow that those two cases should be ignored. The constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how this Court should address § 1226(c) claims. Specifically, the Court accepts that the "constitutionality of [detention pursuant to § 1226(c) without a bond hearing] is a function of the length of the detention [and the] constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." Chavez-Alvarez, 783 F.3d at 474 (quoting Diop, 656 F.3d at 232, 234). "This Court likewise is mindful that 'any determination on reasonableness [must be] highly fact specific' and that 'at a certain point—which may differ case by case[]—the burden to an alien's liberty outweighs' the Government's interest in detention without bond," id. at 474-75, and that detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause. Id. at 474. . . . Because, however, Jennings foreclosed the constitutional avoidance basis provided by the Third Circuit in its determination that detention will normally become suspect between six months and a year, and because Jennings leaves open only the question of whether §1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, § 1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief. Jennings, 138 S. Ct. at 846-47.

5

> In prior cases which have applied a now-abrogated implied reasonableness limitation to § 1225(b) detainees, this Court and others in this District frequently found that detention for just over a year was, given the lesser Due Process protections applicable to applicants for admission, insufficient to render continued detention so suspect as to require a bond hearing. As this Court has previously determined that detention of just over a year is normally insufficient to render detention under § 1225(b) constitutionally suspect, it necessarily follows that detention for a similar period of time cannot be so prolonged and unreasonable as to actually render the statute unconstitutional as applied to Petitioner absent egregious factual circumstances not present in this case.

Id. at *7-8 (quoting Dryden v. Green, No. 18-2868, 2018 WL 3062909, at *3-4 (D.N.J. June 21, 2018)).

In the instant case, Petitioner has been detained since April 23, 2019, for a period of just over eight (8) months. This Court and others have previously determined that arriving aliens who have been subject to detention under § 1225(b) for longer periods of time were not entitled to bond hearings because their detention had not yet reached the point of being arbitrary or unreasonable. See Fatule-Roque v. Lowe, No. 3:17-cv-1981, 2018 WL 3584696, at *6 (M.D. Pa. July 26, 2018) (detention for a period of fifteen (15) months); Otis V., 2018 WL 3302997, at *8 (detention for a period of just over a year); Chica-Iglesia v. Lowe, No. 1:18-cv-35, 2018 WL 1960438, at *3 (M.D. Pa. Apr. 25, 2018) (detention for a period of twenty (20) months). But see Pulatov, 2019 WL 2643076, at *3 (concluding that petitioner who had been detained under § 1225(b) for twenty (20) months was entitled to a bond hearing); Gichuhi v. Doll, No. 3:17-cv-1041, 2018 WL 5660744, at *3-4 (M.D. Pa. Aug. 21, 2018) (concluding that petitioner who had been detained under § 1225(b) for twenty-three (23) months was entitled to a bond hearing); Destine v. Doll, No. 3:17-cv-1340, 2018 WL 3584695, at *5 (M.D. Pa. July 26, 2018) (concluding that petitioner who had been detained under § 1225(b) for twenty-one (21) months was entitled to a bond hearing); see also Lett v. Decker, 346 F. Supp. 3d 379, 387-88 (S.D.N.Y. 2018) (concluding that petitioner who had been detained under § 1225(b) for ten (10) months

was entitled to a bond hearing). Thus, the Court is compelled to conclude that Petitioner's detention under § 1225(b) "is not an unconstitutional application of the statute to" him at this time. See Otis V., 2018 WL 3302997, at *8. Petitioner, therefore, remains subject to mandatory detention and is not entitled to a bond hearing at this time.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied without prejudice to Petitioner's right to file another petition should his detention under § 1225(b) become arbitrary or unreasonable. An appropriate Order follows.